UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TODD KINNAMON,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>C. LATIA, et al.,<br><br>　　　　　Defendant. | 1:12-cv-01325-AWI-DLB (PC)<br><br>ORDER DENYING MOTION FOR APPOINTMENT OF COUNSEL<br><br>(Document# 56) |

　　　　On April 13, 2015, plaintiff filed a motion seeking the appointment of counsel.[1]  Plaintiff does not have a constitutional right to appointed counsel in this action, Rand v. Rowland, 113 F.3d 1520, 1525 (9th Cir. 1997), and the court cannot require an attorney to represent plaintiff pursuant to 28 U.S.C. § 1915(e)(1).  Mallard v. United States District Court for the Southern District of Iowa, 490 U.S. 296, 298, 109 S.Ct. 1814, 1816 (1989).  However, in certain exceptional circumstances, the court may request the voluntary assistance of counsel pursuant to section 1915(e)(1).  Rand, 113 F.3d at 1525.

　　　　Without a reasonable method of securing and compensating counsel, the court will seek volunteer counsel only in the most serious and exceptional cases.  In determining whether "exceptional circumstances exist, the district court must evaluate both the likelihood of success of

---

[1] Plaintiff also appears to request an extension of time to file a reply to Defendants' March 17, 2015, objections.  The request is late, however, and the Findings and Recommendations have been adopted.  In any event, the Court rejected Defendants' objections.

1

the merits [and] the ability of the [plaintiff] to articulate his claims *pro se* in light of the complexity of the legal issues involved." Id. (internal quotation marks and citations omitted).

In the present case, Plaintiff states that he is a participant in the Enhanced Outpatient Program Mental Health System and is developmentally impaired. Plaintiff had been receiving legal assistance from another inmate, but that inmate is subject to transfer and resentencing shortly.

A plaintiff's mental health issues may, in some circumstances, warrant the appointment of counsel. However, the Court will not appoint counsel in the absence of documentary evidence of Plaintiff's impairments. Accordingly, Plaintiff's motion is DENIED WITHOUT PREJUDICE. Plaintiff may renew the motion with supporting evidence of Plaintiff's disability.

IT IS SO ORDERED.

Dated:   **April 14, 2015**                           /s/ *Dennis L. Beck*
                                                     UNITED STATES MAGISTRATE JUDGE

2