UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TODD KINNAMON,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>C.LATIA et al.,<br><br>　　　　Defendants. | Case No.: 1:12-cv-01325 DLB<br><br>ORDER SETTING<br>SETTLEMENT CONFERENCE |

In this matter, Plaintiff contends he was subjected to excessive force by Defendants on January 3, 2009, while he was housed at Kern Valley State Prison. The matter is set for trial on October 27, 2015. The parties have expressed a willingness to engage in a settlement conference.  Therefore, the Court **ORDERS**:

1. A settlement conference is set on **July 30, 2015 at 10:00 a.m.** in Courtroom 6 before Magistrate Judge, Jennifer L. Thurston.  The conference will occur at Robert E. Coyle Federal Courthouse located at 2500 Tulare Street, Fresno, CA;

2. Unless otherwise permitted in advance by the Court, the attorneys who will try the case shall appear at the Settlement Conference with the parties and the person or persons having full authority to negotiate and settle the case on any terms[1] at the conference.  Consideration of

---

[1] Insurance carriers, business organizations, and governmental bodies or agencies whose settlement agreements are subject to approval by legislative bodies, executive committees, boards of directors or the like shall be represented by

1

settlement is a serious matter that requires preparation prior to the settlement conference. Set forth below are the procedures the Court will employ, absent good cause, in conducting the conference:

a. **At least 21 days before** the settlement conference, Plaintiff **SHALL** submit to Defendant via fax or e-mail, a written itemization of damages and a meaningful settlement demand which includes a brief explanation of why such a settlement is appropriate;

b. Thereafter, **no later than 14 days before** the settlement conference, Defendant **SHALL** respond, via fax or e-mail, with an acceptance of the offer or with a meaningful[2] counteroffer, which includes a brief explanation of why such a settlement is appropriate.

c. If settlement is not achieved, each party **SHALL** attach copies of their settlement offers to their Confidential Settlement Conference Statement, as described below. Copies of these documents shall not be filed on the court docket.

d. **At least five court days before** the Settlement Conference, the parties shall submit, directly to Judge Thurston's chambers by e-mail to JLTorders@caed.uscourts.gov, a Confidential Settlement Conference Statement. The statement should not be filed with the Clerk of the Court nor served on any other party, although the parties may file a Notice of Lodging of Settlement Conference Statement. Each statement shall be clearly marked "confidential" with the date and time of the Settlement Conference indicated prominently thereon;

e. The Confidential Settlement Conference Statement shall include the following:

A. A brief statement of the facts of the case;

---

a person or persons who occupy high executive positions in the party organization and who will be directly involved in the process of approval of any settlement offers or agreements. To the extent possible the representative shall have the authority, if he or she deems it appropriate, to settle the action on terms consistent with the opposing party's most recent demand.

[2] "Meaningful" means that the offer is reasonably calculated to settle the case on terms acceptable to the offering party. "Meaningful" does not include an offer which the offering party knows will not be acceptable to the other party. If, however, the offering party is only willing to offer a settlement which it knows the other party will not accept, this should trigger a recognition the case is not in a settlement posture and the parties should confer about continuing or vacating the settlement conference via stipulation.

B.    A brief statement of the claims and defenses including a <u>forthright</u> evaluation of the party's likelihood of prevailing on the claims or defenses and a description of the major issues in dispute;

C.    An estimate of the cost and time to be expended for further discovery, pretrial and trial;

D.    A <u>realistic</u> evaluation of the value of the case in light of the risk the party will not succeed at trial;

E.    The party's position on settlement, including any present demands and offers and a history of past settlement discussions, offers and demands.

IT IS SO ORDERED.

Dated: **May 28, 2015**        /s/ *Dennis L. Beck*
                                     UNITED STATES MAGISTRATE JUDGE